## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SUSAN WELCH KELLY, et al.** | ) | CASE NO. 2:14-cv-01359 |
| | ) | |
| Plaintiffs | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| **BARE ESCENTUALS BEAUTY, INC.,** | ) | **CONFIDENTIALITY AGREEMENT** |
| **et al.** | ) | **AND PROTECTIVE ORDER** |
| | ) | |
| Defendants | ) | |

This Confidentiality Agreement and Order ("Agreement") is made by and among the Parties listed on Exhibit A hereto ("Parties"), and their past, present and future parents, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.

**WHEREAS**, the Parties are litigating an action venued in the United States District Court, Southern District of Ohio, Case No. 2:14-cv-01359, styled *Susan Welch Kelly, et al. v. Bare Escentuals Beauty, Inc., et al.* (hereinafter "this Lawsuit").

**WHEREAS**, in the course of this Lawsuit, a Party (hereinafter "Designating Party") may designate information they contend is "Confidential Material," as defined in Paragraph 2 below; and

**WHEREAS**, the Parties desire to protect this information disclosed pursuant to the terms of this Agreement;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. <u>Material That May Be Designated As Confidential</u>. The Designating Party may designate as "Confidential Material," in accordance with Paragraph 2 of this Agreement, any of the following: (a) documents produced by any Party at any time in this Lawsuit; (b) the Party's interrogatory answers, responses to document requests and responses to requests for admissions; (c) transcripts of depositions of the Party's employees and/or designees; and (d) other information produced by any Party in the course of this Lawsuit. The Designating Party may designate any of the foregoing as "Confidential Material" at the time of or within ten (10) days of its disclosure.

2. <u>Basis For Designation Of Material As Confidential</u>. A Designating Party may designate material as "Confidential Material" based upon a belief that the material: (a) constitutes trade secrets or other confidential research, proprietary, development, financial, or commercial information not reasonably available to the public; (b) is subject to confidential settlement agreements and/or negotiations; (c) contains confidential information regarding clients; and/or (d) is otherwise confidential. The Designating Party will act in good faith in designating any material as Confidential Material.

3. <u>Permissible Use Of Confidential Material</u>. Any person having access to Confidential Material shall use it only for the purposes of this Lawsuit. In no event shall any person receiving Confidential Material use it for a commercial or competitive purpose, or make any public disclosure of the contents thereof. Confidential Material containing information relating to nonparties shall not be used to contact those non-parties except for the purpose of developing evidence for use in this litigation or as otherwise required in connection with the

prosecution or defense of this action. However, nothing contained in this Protective Order shall affect the right of the Designating Party to use its own Confidential Material.

    4.    <u>Persons With Access To Confidential Material</u>. Access to Confidential Material shall be limited to:

    a.    The Parties to this Lawsuit;

    b.    Counsel for the Parties;

    c.    The Court presiding over this Lawsuit;

    d.    Experts and consultants employed, retained, or otherwise consulted by the Parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this Lawsuit;

    e.    A Party's insurers, reinsurers, or auditors;

    f.    A deponent, during the course of his or her examination;

    g.    Court reporters who record testimony taken in the course of this litigation;

    h.    Copy or computer services for the purpose of copying or indexing documents, provided all Confidential Material is retrieved by the Party furnishing it immediately upon completion of the service; and,

    i.    Such other persons as may be subsequently designated by either written agreement of the parties after a request by one of them, or by Order of this Court upon motion of any party, after notice to the opposing party.

    5.    <u>Precondition To Access To Confidential Material</u>. Any Party disclosing Confidential Material to persons listed in Paragraph 4 of this Agreement shall advise such persons of the existence of this Agreement and the terms hereof. Any Party disclosing Confidential Information to persons listed in subparagraph (d) of Paragraph 4 shall, prior to

3

disclosing Confidential Material, obtain a signed declaration (in the form attached as Exhibit B hereto) from such persons.

6. <u>List Of Persons With Access To Confidential Material</u>. Counsel for the inspecting party shall maintain a list of the names and addresses of all persons listed in Paragraphs 4(d) of this Agreement to whom Confidential Material is disclosed and, upon request, shall promptly make that list available to counsel for the Designating Party. Counsel for the inspecting party shall promptly provide new versions of the list if and when names are added.

7. <u>Prohibitions On Disclosure Of Confidential Materials</u>. Individuals and entities permitted access pursuant to Paragraph 4 hereof to "Confidential Material," or any parts thereof, must be provided a copy of the Agreement. Such Individuals and entities must be informed that the material is "Confidential Material" and that they may not show or convey any such documents or things, or any parts thereof, or any copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who does not otherwise have access to "Confidential Material" under the provisions of this Order.

8. <u>Jurisdiction</u>. Any person receiving Confidential Material under the terms of this Agreement hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violations of this Agreement.

9. <u>Procedures For Designating Confidential Material</u>.

    a. <u>Documents</u>. Written notice of confidentiality to the receiving Party or marking a document as "Confidential" or "Confidential Material" shall suffice to designate documents produced by a Designating Party as Confidential Material.

    b. <u>Interrogatory Answers, Responses To Document Requests, And Responses To Requests For Admissions</u>. Specific Interrogatory answers, responses to document requests and

4

responses to requests for admissions may be designated by the responding Party as Confidential Material by identifying the specific answer or response with "Confidential" or "Confidential Material" or by written notice of confidentiality to the receiving Party.

    c. <u>Deposition Testimony</u>. A Party may designate portions of the Party's employees and/or designees deposition testimony as "Confidential Material" by noting same on the record during the deposition or by giving written notice to the other Parties within thirty (30) days after receipt of the deposition transcript. Notice of intent to mark portions of the Party's employees' and/or designees' deposition testimony as "Confidential Material" must be made on the record at the conclusion of that deponent's testimony.

    d. <u>Copies Of Confidential Material</u>. All copies of any document which is designated as "Confidential Material" shall be treated as confidential and subject to the terms of this Agreement.

  10. <u>Filing Of Confidential Documents Under Seal</u>. To the extent that a pleading or other paper references a document designated as Confidential under this Agreement, then the pleading or other paper shall refer the Court to the particular document, which document shall be filed under seal in accordance with Local Rule 79.3, without disclosing the contents of any confidential information. Any party seeking to file a document under seal must first file a motion for leave to do so with the Court and obtain the approval of the Court.

  11. <u>Treatment Of Documents Produced For Inspection</u>. If any Party makes its documents available for inspection to permit any other Party to select documents it wishes to have copied (regardless of where such production takes place), then all such documents shall be deemed to be Confidential Material, under the terms of this Agreement, during the course of such inspection. After the inspecting Party identifies those documents it wishes to have copied, the producing Party may mark any such documents, as "Confidential Material" in accordance

5

with the terms of this Agreement, before permitting the documents to be copied or before providing such copies to the inspecting Party.  Upon providing the inspected documents to the inspecting Party, only the documents marked "Confidential Material," and any documents subsequently designated as "Confidential" pursuant to this Agreement, shall be deemed to be Confidential Material.

12. <u>Disclosure Of Confidential Material In Other Actions</u>.  If any person subject to this Agreement ("Recipient") receives a subpoena or discovery demand to copy, inspect, or produce Confidential Material, then the Recipient shall, within five (5) days after receiving the request, provide notice thereof to the Designating Party.  The Recipient shall object to any such request for production on the ground of this Confidentiality Agreement and shall not disclose said Confidential Material until either: (a) the Recipient receives written permission from the Designating Party allowing disclosure; or (b) the Recipient is ordered by a court or other tribunal to produce the Confidential Material.

13. <u>Objections To Designations</u>.  If a Party objects to the designation of any material as Confidential Material, then that Party shall state the objection by letter to counsel for the Party making the designation.  If the Parties cannot resolve the objections, then the Party challenging the Confidential Material designation may move the Court for an order withdrawing such designation.  Until the Court rules on any such motion, the materials shall be deemed Confidential Material under the terms of this Agreement.

14. <u>Return Of Confidential Material</u>.  Within thirty (30) days after the conclusion of this Lawsuit, and at the discretion of the Designating Party, each Party shall:  (a) return to counsel for the Designating Party all Confidential Material produced by that Party, including any copies thereof; or (b) destroy such Confidential Material or maintain the Material as confidential until the Receiving Party destroys or returns the Material, and provide a certification or

affirmation that the Confidential Materials have been destroyed. The return and/or destruction of Confidential Material includes originals and all copies of all items designated as Confidential Material, whether in paper, electronic or digital format and whether stored on computer servers, hard drives, or other digital storage media, and includes all Confidential Material provided to testifying and/or consulting experts.

15. <u>Reservation Of Rights</u>. The Parties agree that the execution of this Agreement shall not constitute a waiver of any rights or duties existing under any applicable law or court rules, including, but not limited to, the attorney-client privilege and the work-product doctrine.

16. <u>Disputes Arising Out Of This Agreement</u>. The Parties agree that money damages for any breach or threatened breach of this Agreement are inadequate and that, without prejudice to any other rights and remedies otherwise available to them, the Parties shall be entitled to seek and obtain temporary or injunctive relief for any breach or threatened breach of this Agreement without the necessity of posting a bond.

17. <u>Duly Authorized Representatives</u>. Each of the undersigned declares and represents that he or she is competent to execute this Agreement and that he or she is duly authorized and has the full right and authority to execute this Agreement on behalf of the Party for which he or she is signing.

18. <u>Applicable Law</u>. This Agreement shall be governed by the laws of Ohio, but not including and without regard to the choice of law rules of Ohio or of any other State.

Dated: May 19, 2015

                                              SO ORDERED:

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/Christopher R. Pettit | s/Leah M. Hohenberger |
| **Christopher R. Pettit (0069926)** | **Paul J. Schumacher (0014370)** |
| Lane, Alton & Horst, LLC | **Leah M. Hohenberger (0075640)** |
| Two Miranova Place, Suite 500 | Dickie, McCamey & Chilcote, P.C. |
| Columbus, Ohio  43215 | 127 Public Square |
| 614.228.6885 – Telephone | Suite 2820, Key Tower |
| cpettit@lanealton.com | Cleveland, Ohio  44114 |
| **Attorney for Plaintiffs** | 216.685.1827 – Telephone |
| | pschumacher@dmclaw.com |
| s/Alan Wayne Sheppard | lhohenberger@dmclaw.com |
| **Alan Wayne Sheppard (0009025)** | **Attorneys for Defendant,** |
| Loveland Law, LLC | **Bare Escentuals Beauty, Inc.** |
| 3300 Riverside Drive | |
| Upper Arlington, Ohio  43221 | |
| 614.928.9107 - Telephone | |
| awsheppard@lovelandlaw.net | |
| **Attorney for Plaintiffs** | |

s/Vaseem S. Hadi
**Vaseem S. Hadi (0075617)**
Gibson & Sharps, PSC
9420 Bunsen Parkway, Suite 250
Louisville, Kentucky  40220
800.426.2796 x8759 – Telephone
502.214.1064 – Facsimile
vsh@gibsonsharps.com
**Attorney for Defendant,**
**Highmark Blue Cross & Blue Shield**

## EXHIBIT A to CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

*Susan Welch Kelly, et al. v. Bare Escentuals Beauty, Inc., et al.*, United States District Court, Southern District of Ohio Case No. 2:14-cv-01359

We consent to the form and entry of this Order.

*s/Christopher R. Pettit*
**Christopher R. Pettit (0069926)**
Lane, Alton & Horst, LLC
Two Miranova Place, Suite 500
Columbus, Ohio 43215
614.228.6885 – Telephone
614.228.0146 – Facsimile
cpettit@lanealton.com
**Attorney for Plaintiffs**

*s/Leah M. Hohenberger*
**Paul J. Schumacher (0014370)**
**Leah M. Hohenberger (0075640)**
Dickie, McCamey & Chilcote, P.C.
127 Public Square
Suite 2820, Key Tower
Cleveland, Ohio 44114
216.685.1827 - Telephone
pschumacher@dmclaw.com
lhohenberger@dmclaw.com
**Attorneys for Defendant,**
**Bare Escentuals Beauty, Inc.**

*s/Alan Wayne Sheppard*
**Alan Wayne Sheppard (0009025)**
Loveland Law, LLC
3300 Riverside Drive
Upper Arlington, Ohio 43221
614.928.9107 - Telephone
awsheppard@lovelandlaw.net
**Attorney for Plaintiffs**

*s/Vaseem S. Hadi*
**Vaseem S. Hadi (0075617)**
Gibson & Sharps, PSC
9420 Bunsen Parkway, Suite 250
Louisville, Kentucky 40220
800.426.2796 x8759 – Telephone
502.214.1064 – Facsimile
vsh@gibsonsharps.com
**Attorney for Defendant,**
**Highmark Blue Cross & Blue Shield**

**EXHIBIT B to CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

*Susan Welch Kelly, et al. v. Bare Escentuals Beauty, Inc., et al.*, United States District Court, Southern District of Ohio Case No 2:14-cv-01359

**DECLARATION**

I, _____, hereby understand and agree that any information or documents designated as "Confidential Material" shall be provided to me subject to the terms and conditions set forth in the Confidentiality Agreement executed by the Parties in the matter entitled *Susan Welch Kelly, et al. v. Bare Escentuals Beauty, Inc., et al.*, United States District Court, Southern District of Ohio Case No 2:14-cv-01359.

I hereby acknowledge that I have been given a copy of and have read the Confidentiality Agreement. I agree that I shall not disclose the information or documents to any other party and that the information or documents shall be used only for the purposes of this Lawsuit. I agree that following the conclusion of this Lawsuit, I will return Confidential Material, including all copies thereof and all summaries or descriptions thereof contained in other documents, to the attorney or other person who provided such information or documents to me; in the alternative, I will affirm that I have destroyed all Confidential Material.

I further agree to be bound by the terms of the Confidentiality Agreement and to subject myself to the jurisdiction of Ohio, for the enforcement of the Confidentiality Agreement. I understand that in the event I fail to abide by the terms of the Confidentiality Agreement, I may be subject to sanctions by the Court.

Dated: _____

_____
Name